IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT DONOGHUE, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | No. 2:16-cv-04742 (MH) |
| | : | |
| v. | : | |
| | : | |
| TESINC, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

## PRELIMINARY APPROVAL ORDER

**THIS MATTER** comes before the Court on the motion of the Named Plaintiffs Robert Donoghue, Robert Kicklighter, Thomas Adams, Terri Barrett and Mark Daiello (the "Named Plaintiffs"), individually and on behalf of the Class they seek to represent, by and through their legal counsel, Stephan Zouras, LLP. In their Collective and Class Action Complaint, the Named Plaintiffs assert claims against Defendants Tesinc, LLC ("Tesinc"), Evans Splicing, LLC ("Evans") and PS Splicing, LLC ("PS") (hereinafter collectively referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938 ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL"), and the New Jersey Wage and Hour Law ("NJWHL"). The motion requests that this Court, among other things, preliminarily approve the settlement reached in this matter (the "Agreement"); certify, for settlement purposes only, a collective/class in this matter; and authorize the sending of notice to the members of the proposed collective/class regarding settlement.

**AND NOW**, this 16th day of August, 2017, upon consideration of the motion, and the Court being fully apprised of the facts, the Court hereby **ORDERS** and **DECREES** as follows:

1. The Court determines that supplemental jurisdiction exists over the PMWA, PWPCL and NJWHL claims asserted or deemed to be asserted in this Collective and Class Action Complaint pursuant to 28 U.S.C. § 1367(a), because these state law claims are factually so closely related to the FLSA claims, and that there is sufficient overlap in the identity of the FLSA putative plaintiffs and the putative members of the state law class, that they form part of the same case or controversy under Article III of the United States Constitution. All federal and

state claims referred to herein derive from a common nucleus of operative facts and would ordinarily be tried in one judicial proceeding. Moreover, considerations of judicial economy, convenience and fairness to litigants weigh in favor of addressing the state law claims in the same proceeding as the federal law claims.

2. The Court grants preliminary approval to the Agreement as being fair, reasonable, and adequate and in the best interest of all the Settlement Class Members (as defined below), and the Court further finds that effecting a settlement of the claims in the Collective and Class Action Complaint and the Agreement is the most expeditious, efficient, and fair means of resolving such claims.

3. The Court further determines that: (a) all persons who, for any duration of time from April 1, 2016 through June 30, 2016, rendered service as a Copper Splicer through a Tesinc subcontractor, including PS and/or Evans, while classified as an independent contractor, for Tesinc's customer, Verizon Communications Inc. ("Verizon"), during its work stoppage (the "Settlement Class Members"), are "similarly situated" within the meaning of 29 U.S.C. § 216(b); (b) the proposed Settlement Class satisfies all the requirements of Fed. R. Civ. P. 23 and is maintainable under Fed. R. Civ. P. 23(b)(3); (c) the proposed Class Representatives and Class Counsel are adequate; and (d) there is a sufficient unity of interest among the Settlement Class Members to support the certification of the Settlement Class for settlement purposes in accordance with the Agreement.

4. Consequently, the Court certifies in accordance with the Agreement, and for purposes of settlement only, the following Settlement Class:

> All persons who, for any duration of time during the Class Period
> (from April 1, 2016 through June 30, 2016), rendered service as
> a Copper Splicer through a Tesinc subcontractor, including defendants
> PS and/or Evans, while classified as an independent contractor, for
> Tesinc's customer, Verizon Communications Inc.

5. The Settlement Class shall also include a subgroup of Settlement Class Members who performed strike replacement services in New Jersey or Pennsylvania during all or any part of the Class Period. This group shall be referred to as the "New Jersey/Pennsylvania Settlement Class."

6. The Court appoints the Named Plaintiffs as the Settlement Class Representatives.

7. The Court appoints Stephan Zouras LLP as Class Counsel.

8. The Court appoints Rust Consulting, Inc. as Claims Administrator.

9. The Court approves the form of the Class Notices and Claim Forms attached as Exhibits B and C to the parties' Agreement. The Class Notices are to be mailed by the Claims Administrator, by first-class mail, to the Settlement Class Members at their last known address as set forth in Section 2.7.1 of the Agreement.

10. All executed opt-out notices and Claim Forms are to be mailed to the Claims Administrator, in accordance with the Agreement. Class Members shall be provided time to submit an opt-out notice or Claim Form as set forth in Sections 2.7(b) and 2.7(c) of the Agreement.

11. A final approval hearing (the "Settlement Hearing") shall be held on the 21st day of November, 2017, at 10:00 a.m. before the Honorable Marilyn Heffley, United States Courthouse, 601 Market Street, Room 4001, Philadelphia, PA   19106.

12. Any Settlement Class Member may appear in person or through counsel at the Settlement Hearing to be heard as to why the proposed Agreement should not be approved as fair, adequate, and reasonable, or why a final judgment dismissing the action against Defendants with prejudice should or should not be entered. No Settlement Class Member, however, shall be heard and no papers or briefs submitted by any such person shall be received or considered by the Court, unless (a) such Settlement Class Member has submitted objections to the Settlement as set forth therein; and (b) a written notice of intention to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, has been filed with the Court and served by first-class mail or email upon the following:

>James B. Zouras, Esquire
>David J. Cohen, Esquire
>Stephan Zouras, LLP
>604 Spruce Street
>Philadelphia, PA   19106
>jzouras@stephanzouras.com
>dcohen@stephanzouras.com
>
>Attorneys for Plaintiffs

      Michael Marino, Esquire
      Robert Whitman, Esquire
      Seyfarth Shaw LLP
      620 Eighth Avenue, Suite 3200
      New York, NY   10018
      mmarino@seyfarth.com
      rwhitman@seyfarth.com

      Attorneys for Defendants Tesinc, LLC and Evans Splicing, LLC

      Danielle Goebel, Esquire
      Michael J. Salmanson, Esquire
      Salmanson Goldshaw, P.C.
      Two Penn Center
      1500 John F. Kennedy Blvd., Suite 1230
      Philadelphia, PA   19102
      danielle@salmangold.com
      msalmans@salmangold.com

      Attorneys for Defendant PS Splicing, LLC

      13.    Any Settlement Class Member who does not assert and serve his or her written objections in the manner provided above, or who has opted out of the Settlement in accordance with the provisions of the Agreement, shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

      14.    The parties' written submissions in support of the Agreement and any requests related thereto, shall be filed with the Court <u>no later than November 6, 2017</u>.

      15.    In the event no objections are raised to the Agreement, the Court reserves the right to adjourn the Settlement Hearing and base its decision regarding final approval of the Agreement, and any requests thereto, on the written submissions of the parties.

                                BY THE COURT:


                                */s/ Marilyn Heffley*
                                HONORABLE MARILYN HEFFLEY